## McLEAN *v.* JEPHSON.

*(Supreme Court, Special Term, New York County. November, 1890.)*

1. TAXATION—ENFORCEMENT OF PERSONAL TAX—SPECIAL PROCEEDINGS.
   An application by the receiver of taxes of New York city for the enforcement of a tax on personal property is not a civil action, as it is commenced by an order to show cause why defendant should not be committed for contempt, and not by the service of a summons,—the mode in which civil actions are directed to be commenced by Code Civil Proc. N. Y. § 416; but it is a special proceeding, which is defined by section 3334 as including all civil prosecutions which do not fall within the definition of "actions."

2. COSTS—TAXATION—AMOUNT.
   Where, in such special proceeding, the order committing defendant as for a contempt for his failure to pay the taxes is reversed on appeal to the court of appeals,

"with the costs of all courts," defendant, under the express provisions of Code Civil Proc. N. Y. § 3240, is entitled to tax his costs at the rate allowed for similar services in an action.

3. SAME—MOTION FEES.

Since the proceeding is a special proceeding, Code Civil Proc. N. Y. § 3236, which provides for the taxation of costs on a "motion in action," does not apply; and the fact that on the receiver's motion defendant was ordered to be committed for a contempt if he failed to pay the taxes does not authorize the clerk to tax a motion fee under the above section.

4. SAME—CITY CHAMBERLAIN'S FEE.

The fee retained by the city chamberlain out of the sum deposited with him by defendant to stay proceedings during the pendency of the appeal to the court of appeals is not a disbursement in the proceedings for which defendant is entitled to tax costs.

At chambers. George W. McLean, receiver of taxes for the city of New York, applied under the city charter, § 857, (Laws 1882, c. 410,) for a warrant to enforce the payment of a tax on personal property owned by John H. Jephson, a non-resident. The special term, after the argument, ordered the defendant to pay the taxes, and on default to be imprisoned as for a contempt. This order was affirmed by the general term. On appeal to the court of appeals, however, the orders of the general and special terms were reversed, "with costs in all courts." See 25 N. E. Rep. 409. After this reversal the city chamberlain returned to defendant the sum which the latter had deposited on his appeal to the court of appeals, with the exception of five dollars retained by the chamberlain for fees. On the taxation of costs, the clerk allowed defendant $10 costs of motion in both the special and general terms. He also allowed defendant $30 costs before argument on appeal to the court of appeals, and $60 for the argument therein. He disallowed the $5 retained by the chamberlain, as well as $15 costs after notice of trial; $20 trial fee; $20 before argument on appeal to the general term; and $40 for argument in the general term. Defendant now moves for the taxation of the disallowed items.

*John G. H. Myers,* for receiver. *Douglas & Minton,* (*J. B. A. Mullally,* of counsel,) for defendant.

INGRAHAM, J. By section 3333 of the Code an action is defined to be "an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense," and by section 3334 of the Code it is provided "that every other prosecution by a party for either of the purposes specified in the last section is a special proceeding." By section 416 it is provided that the civil action is commenced by the service of a summons. This proceeding, not having been commenced by the service of a summons, is not an action. It is, however, a prosecution in a court of justice by a party against another party for the enforcement of a right, and is a special proceeding within section 3334 of the Code above cited. Section 3240 provides that costs in a special proceeding may be awarded at the rate allowed for similar services in an action brought in the supreme court. The court of appeals in this case having awarded to the successful party costs in all courts, it would appear that he is entitled to costs at the rate allowed for similar services in an action. The provisions by which the court has power to award motion costs do not apply. Such costs are allowed under subdivision 3 of section 3251, which provides that upon any motion specified in section 3236 a sum to be fixed by the judge or court, not exceeding $10, besides necessary disbursements for printing and referee's fees, may be awarded. Section 3236 refers to costs upon a motion in an action. In this case there was no action, but a special proceeding. The order that was appealed from, and which was reversed, was a final order, requiring the defendant to pay a sum of money. It is true that the order committed the defendant as for a contempt in case he refused

to pay, but the proceeding was not a motion in an action to punish for a contempt committed by refusal to obey an order in the action. I think, therefore, that the taxation of the clerk must be set aside, and the clerk directed to tax the costs as in an action. The clerk was right in refusing to tax as a disbursement the fees of the chamberlain on deposit of the sum as security to stay proceedings on appeal. That was not a disbursement in the proceeding. Motion granted as indicated, with $10 costs of this motion.